# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT COURT OF PENNSYLVANIA

FRANKIE THOMAS,

    Petitioner

v.

J. BALTAZAR

    Respondent

No. 1:17-CV-00121

(Judge Rambo)

## MEMORANDUM

### I. Introduction

Petitioner Frankie Thomas, a federal inmate formerly confined at the Canaan United States Penitentiary in Waymart, Pennsylvania ("USP-Canaan") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 23, 2017. (Doc. No. 1.) Thomas alleges that the restitution order by this Court constitutes an impermissible delegation of authority to the Bureau of Prisons ("BOP") and that the imposition of sanctions by the BOP for failing to acquiesce in the Inmate Financial Responsibility Program ("IFRP") is not in accordance with law. (Id.) After the filing of this petition, Thomas was transferred to the Federal Correctional Institute, Cumberland, Maryland. After receiving the $5.00 filing fee, the Court directed Respondent to show cause why Thomas should not receive the relief he requests. (Doc. No. 7.) On April 24, 2017, Respondent filed a response

1

to the petition (Doc. No. 9) and on May 3, 2017, Thomas filed a traverse. (Doc. No. 10.)

## II. Background

Thomas was sentenced in this Court on July 30, 1997. United States v. Kilgore, et al., No. 1:96-CR-0297-003 (M.D. Pa 1997). As part of his sentence, Thomas was ordered to pay restitution in the amount of $11,965.00 and an assessment of $200.00. Id. Thomas was ordered to pay the total fine and other criminal monetary payments "in full immediately." Id. As a special condition of supervision, Thomas was also ordered to "pay any balance of restitution imposed by this judgment which remains unpaid at the commencement of the term of supervise release in minimum monthly installments of no less than $100." Id.

Thomas filed an initial § 2241 habeas petition on November 23, 2009 in this Court. Thomas v. Martinez, No. 1:09-CV-2296 (M.D. Pa. 2010). In that habeas petition, Thomas alleged that this Court did not set a payment schedule by which he could pay down his restitution sentence while in prison and therefore, he requested that this Court order the BOP to designate him as "exempt" from the requirements of the IFRP. On March 18, 2010, this Court issued an Order, stating that the language regarding restitution payments in Thomas' underlying criminal case amounted "to an unlawful delegation to the Bureau of Prisons of a schedule of

restitution payments," and that "subsequent to this ruling, this court has altered its wording on restitution payments." Id. This Court then stayed that habeas petition and gave Thomas an opportunity to exhaust his available administrative remedies. Id. Thomas' administrative remedy was successful, as the BOP granted his request for relief and ceased collecting restitution payments from him. Id. His habeas action was then dismissed as moot. Id.

On May 26, 2015, Thomas was transferred to USP-Canaan. (Doc. No. 1 at 2.) While at USP-Canaan, USP-Canaan collected $25.00 per month in restitution payments from Thomas from March 2016 through March 2017, totaling $125.00. (Id. at 2; Doc. No. 9 at 4, Respondent's Response.) Thomas was subsequently transferred to FCI-Cumberland where he is currently confined. On January 23, 2017, Thomas filed the instant petition for writ of habeas pursuant to § 2241.[1] In his instant petition, Thomas requests to have the money that was withdrawn from his account while at USP-Canaan reimbursed.

---

[1] On May 26, 2017, Thomas also filed an action styled under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977), alleging that he was coerced into acquiescing to the BOP's IFRP while at USP-Canaan, and that although the program is voluntary, if he does not agree to participate in it, then he will be placed in "Refusal Status" and be sanctioned. Thomas v. Frasch, No. 1:17-CV-0932 (M.D. Pa. 2017).

## III. Discussion

Federal habeas corpus relief is limited to inquiries into the "legality of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002); Preiser v. Rodriguez, 411 U.S. 475 (1973). The petitioner must attack the "validity of the continued conviction or the fact or length of the sentence." Id. at 542. 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005). This includes a challenge to the BOP's authority to set terms for payment of restitution while imprisoned. United States v. Walker, 149 F.App'x 55, 57 (3d Cir. 2005); McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010) (challenges to the IFRP's payment schedule concerns the execution of sentence, and are, therefore correctly framed as § 2241 claims brought in the district where the sentence is being carried out.) (internal citations omitted).

However, to the extent a prisoner is alleging the sentencing judge erred in imposing its restitution order, such a claim is not cognizable in a habeas petition and must be raised on direct appeal. Balter v. Martinez, 477 F.App'x 873, 875 (3d Cir. 2012); Garnder v. Bledsoe, 415 F.App'x 384, 386 (3d Cir. 2011) (holding that the District Court lacked jurisdiction to entertain § 2241 petition where petitioner

4

challenged the sentencing court's restitution order, not the BOP's execution of it); Duronio v. Gonzales, 293 F.App'x 155, 157 (3d Cir. 2008); Duronio v. Werlinger, No. 9-CV-289, 2011 WL 8582709, *1 (W.D. Pa. Feb. 22, 2011).

In his petition, Thomas argues that this Court impermissibly delegated to the BOP its duty under the Mandatory Victims Restitution Act ("MVRA") to set the manner and schedule of restitution during imprisonment, and that the BOP exceeded its authority in collecting the restitution payments. Petitioner cites to United States v. Corley, 500 F.3d 210 (3d Cir. 2007) wherein the United States Court of Appeals for the Third Circuit held that under the MVRA, a sentencing court cannot order immediate payment of restitution and then delegate the actual restitution schedule to the BOP. As relief, Thomas requests that the Court order the BOP to reimburse all monetary funds collected from his institutional account through the BOP's IFRP with interest.

In its response to the petition, Respondent argues that Thomas has failed to provide an appropriate basis for subject matter jurisdiction because Thomas' request to have money reimbursed to him does not affect the length of his sentence or the duration of his confinement.

Thomas' habeas petition will be dismissed for jurisdictional reasons. While it is true that claims alleging that the BOP exceeded its authority in setting a

schedule for restitution payments through the IFRP are properly brought under § 2241 because they challenge the execution of the sentence, <u>McGee v. Martinez</u>, 627 F.3d 933, 936-37 (3d Cir. 2010), Thomas' current claim, however, challenges the sentencing court's restitution order itself; not the BOP's execution of it. Indeed, Thomas argues throughout his petition that the sentencing court failed to follow the strictures of the MVRA by impermissibly delegating to the BOP its duty to set the manner and schedule of restitution payments under the MVRA.

Because Thomas' petition does not challenge the execution of his sentence, but rather, the restitution order itself, his claim does not fall within the purview of § 2241. <u>See</u> <u>Trader v. U.S.</u>, 281 F.App'x 87, 88 (3d Cir. 2008) (providing that Petitioner's § 2241 was not cognizable because petition did not challenge execution of his sentence, but instead, argued that the sentencing court failed to follow the strictures of the MVRA); <u>Gardner</u>, 415 F.App'x at 386 (holding that Petitioner's § 2241 petition challenged the sentencing court's restitution order, not the BOP's execution of it and therefore, the District Court lacked jurisdiction to entertain § 2241 petition); <u>U.S. v. Banks</u>, 422 F.App'x 137, 139 (3d Cir. 2011) (providing that to extent petitioner is challenging the overall validity of District Court's restitution order, such a challenge should be made on direct appeal and the limited jurisdiction conferred by 18 U.S.C. § 3664(k) does not encompass an attack

on the overall validity of a restitution order); Balter, 477 F.App'x at 875 (providing that Petitioner's § 2241 petition fails primarily because the proper time for challenging a restitution order is on direct appeal, and a § 2241 petition cannot be used to challenge just the restitution part of a sentence.) (internal quotation and citations omitted).  Accordingly, because this Court lacks jurisdiction to entertain Thomas' claim under § 2241, his petition will be dismissed.

## IV. Conclusion

Based upon the foregoing, Petitioner's writ for habeas corpus pursuant to § 2241 will be dismissed.  Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate order follows.

    s/Sylvia H. Rambo  
    SYLVIA H. RAMBO  
    United States District Judge

Dated: July 11, 2017

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| **FRANKIE THOMAS,** | |
| Petitioner | **No. 1:17-CV-00121** |
| v. | |
| **J. BALTAZAR** | **(Judge Rambo)** |
| Respondent | |

## ORDER

**AND NOW, THEREFORE**, this 11th day of July, 2017, in accordance with the accompanying memorandum, **IT IS ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is **DISMISSED**.

2. The Clerk of Court is directed to **CLOSE** this case.

          s/Sylvia H. Rambo
          SYLVIA H. RAMBO
          United States District Judge